[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The 45 year old plaintiff husband and the 45 year old defendant wife intermarried at Hartford, Connecticut on April 16, 1988. No child was born to the defendant since the date of the marriage. The allegations of the plaintiff's complaint are found to be proven, and the court enters a decree dissolving their marriage on the ground alleged. The cross-complaint is dismissed as now moot.
The parties separated on December 7, 1990. During their 32 month marriage, the parties' finances became quite complex.
The plaintiff is a carpenter. At the time of the marriage, the plaintiff was constructing a three-unit condominium on land he owned. On three occasions the plaintiff borrowed money from the defendant which he repaid each time. He also owned a building lot in New Fairfield, Connecticut.
The defendant is a nurse's aide at Southbury Training School. At the time of this marriage, she owned a home in Middlebury which she occupied with her two children from her prior marriage. The defendant's children continued to reside with the defendant and the plaintiff during this marriage. The children receive social security income from the account of their deceased father. The defendant has worked for the State of Connecticut throughout the marriage. CT Page 6417
The plaintiff took back a purchase money mortgage on the condo unit sold to DiMarco for $33,800 due in June, 1992, (Plaintiff's Exhibit I). A second purchase money mortgage was taken back by the defendant on the condo unit sold to Borek in the amount of $32,000 due in July, 1992, (Plaintiff's Exhibit H). The plaintiff's testimony that one or both may be difficult to collect the court views as self serving.
On August 2, 1988 the plaintiff and the defendant purchased a house located at 813 Whittemore Road, Middlebury, Connecticut, paying the seller's $170,000 agreed price by making a first mortgage to a local savings and loan and raising $54,000 from a mortgage made by the defendant on her home known as 23 Freedom Road, Middlebury, Connecticut, (Defendant's Exhibits #3 and #4), and $17,000 from the plaintiff.
The plaintiff proceeded to add a second story and a new garage to the Whittemore house utilizing the various workers and subcontractors that were working for the defendant on his other project. The plaintiff claims he paid the cost of the various improvements which totalled $82,000, which added 1,700 square feet of living space to the original 1,300 square feet. He accounts for the sources of such monies to be obtained $14,000 from his mother, $49,000 from a Danbury bank and $20,000 from his former father-in-law. Later in the trial he estimated $110,000 was spent on the new house, with $70,000 contributed by defendant from her Freedom Road sale and $40,000 from the plaintiff's business and his real estate mortgage on a lot. This latter explanation by the plaintiff the court accepts as the more accurate.
The defendant values the Whittemore Road parcel as having a fair market value of $220,000. Although the plaintiff's financial affidavit states the estimated value to be $285,000, he admitted the renovations were incomplete. The defendant described the various unfinished items which leads the court to conclude that the defendant's estimated value is more accurate and is accepted by the court.
The plaintiff acknowledged that the defendant has been paying both mortgages since he left. The court values the net equity in the property to be $100,000 after liquidation expenses.
It should be noted that the plaintiff formed a corporation in 1989 and at that time transferred his interest in the Whittemore parcel to the defendant, (Plaintiff's Exhibit A).
The plaintiff introduced two pictures of the remodelled house which show its enlarged size, (Plaintiff's Exhibits J1 and J2).
A second mortgage was placed on Whittemore Road in the amount CT Page 6418 of $16,500 to satisfy a creditor of the plaintiff's who had lent money to the plaintiff. The plaintiff has not contributed any money to carry or reduce this obligation since January, 1991. The defendant drew an additional $3,500 to install a new furnace.
There is a judgment lien filed against Whittemore Road to secure a judgment against the plaintiff and the defendant in the sum of $5,289.62 with interest from January 17, 1992, (Defendant's Exhibit #1). The plaintiff incurred the original obligation.
On March 31, 1989, the defendant sold her home at 23 Freedom Road for $175,000. After satisfying the first mortgage, the second mortgage that had been recently refinanced as described above, adjustments, repairs and rent credited to buyer, she received a $5,000 purchase money mortgage. The buyer had previously paid deposits totalling $13,000, (Defendant's Exhibit #4).
The plaintiff also admitted receiving $5,000 from the defendant from funds the defendant had saved for her children which he has not repaid, (Defendant's Exhibit #2) although the plaintiff promised to do so with 10% interest.
There was continual commingling of money by the parties.
The plaintiff fell off a roof breaking both his heels which hospitalized him in late November, 1990. The plaintiff returned home confined to a wheelchair where he claims the defendant heaped abuse upon him. After three days, he booked a flight to his mother's home in Florida, three days hence which was December 29, 1990. His injury, the leveraged state of his business, the reversal of the real estate market, the overtime and double shifts being worked by the defendant with its physical strain all contributed to the marriage breakdown, which was complete and irretrievable by the day the plaintiff departed for Florida.
Although the plaintiff suffers from diabetes which developed prior to this marriage, there is no indication that it interferes with his ability to work. He has employment skills and a demonstrated earning capacity. Although the defendant has a heart palpitation for which she is on medication and has high blood pressure, there is no evidence that these conditions limit her ability to work.
The court, having reviewed the evidence in the light of the statutory criteria, enters the following orders as part of the judgment.
1. No periodic alimony is awarded to either party. CT Page 6419
2. The defendant is awarded sole ownership of the real estate known as 813 Whittemore Road, Middlebury, Connecticut together with the contents therein.
3. In lieu of awarding the plaintiff any interest in said real estate, the defendant shall take the real estate title in its present condition and shall be solely responsible for satisfying the mortgages and the judgment lien.
4. The plaintiff is awarded sole ownership of the promissory notes executed by Jay A. Borck and Diana L. Borck (Plaintiff's Exhibit H) and Lisa DeMarco (Plaintiff's Exhibit I).
5. The plaintiff is awarded sole ownership of the New Fairfield real estate and he is ordered to assume sole responsibility for the mortgage and taxes thereon and to save the defendant harmless and indemnified.
6. The plaintiff is exonerated from repaying the $5,000 owed the defendant, listed on defendant's Exhibit #2, and the defendant shall retain the medical reimbursement checks' proceeds, received for Dr. Wetmore, Dr. White, Southbury Medical and Stoll's Pharmacy (cf. plaintiff's financial affidavit).
7. The plaintiff shall retain any other assets listed as his on his financial affidavit and he shall be solely responsible for the debts listed on his financial affidavit except for STELCO which is referred to above in Paragraph 3.
8. The defendant shall retain any other assets listed as hers on her financial affidavit and she shall be solely responsible for the two debts listed on her financial affidavit.
9. The name Sullivan is restored to the defendant. Counsel for the plaintiff shall prepare the judgment file.
HARRIGAN, J.